IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RYAN L. BROWN                          *
                                       *
                                       *
        v.                             *        Civil No. – JFM-14-1364
                                       *
W.L. GORE & ASSOCIATES                 *
                                  ******

## MEMORANDUM

Plaintiff has brought this action for employment discrimination based upon her race (African-American). Defendant has filed a motion to dismiss. The motion will be granted.[1]

The gravamen of plaintiff's claims is that on March 14, 2013 defendant offered him two intolerable options – to resign and receive a severance package or to produce 3,000 guitar strings per shift without any mistakes for four consecutive weeks – and that the presentation of these options constituted a constructive discharge[2] As a technical matter, plaintiff clearly could not have stated a claim for constructive discharge in his administrative filing since he filed his administrative charge on March 18, 2013, and he did not resign until March 19, 2013. Assuming, however, that the constructive discharge claim is reasonably related to that which he asserted in his administrative complaint,[3] there is no reasonable basis for concluding that

---

[1] Plaintiff has filed a motion for leave to file a second amended complaint. The motion will be granted. Nothing in the second amended complaint saves the claim being asserted by plaintiff.

[2] Plaintiff also complains that he unfairly received poor performance reviews and that he was placed in a performance improvement plan. It is well established that the receipt of an unfavorable performance review and being placed in a PIP does not constitute an adverse employment action. *Pulley v. KPMG Consulting, Inc.*, 348 F. Supp. 2d 388, 395 (D. Md. 2014). Plaintiff also asserts that he was subjected to retaliation for engaging in protected activities but no facts are alleged in the second amended complaint that support any claim for retaliation.

[3] It is to be noted that plaintiff was unrepresented when he filed his administrative complaint but that he was represented by counsel while the administrative complaint was pending.

plaintiff's resignation occurred from any adverse action taken against him because of his race. At the least plaintiff should have chosen to remain employed by defendant under the first option offered to him. If he had not met the requirements of the continued employment, and his employment was terminated as a result, perhaps he then might have had a cognizable claim.

      A separate order effecting the rulings made in this memorandum is being entered herewith.

Date:   June 20, 2014          _____/s/_____
                                      J. Frederick Motz
                                      United States District Judge